L. F. HIPPS, Appellant, v. FRANK FONG, Appellee.

**MASTER AND SERVANT:** The Relation—Evidence. Evidence reviewed, and held insufficient to establish the relation of master and servant.

*Appeal from Des Moines Municipal Court.*—H. F. ZEUCH, Judge.

NOVEMBER 11, 1924.

ACTION for damages for personal injuries sustained by plaintiff while in the alleged employment of the defendant. The defendant specifically denies that the plaintiff was in his employ at the time of his alleged injury. There was a verdict for the defendant, and plaintiff appeals.—*Affirmed*.

*Volney Diltz* and *Jordan & Jordan*, for appellant.

*Tomlinson & Maley*, for appellee.

EVANS, J.—This case is somewhat unusual in its facts, and was tried below upon a theory of fact mutually adopted; and

we shall confine our consideration of the case to such theory. The parties in the case are Chinese residents of Des Moines. The defendant, Frank Fong, and his brother, George Fong, either purchased or initiated a laundry business, in the fall of 1921, in the city. George Fong, desiring personally to engage in other work, employed the plaintiff to work for him by taking his place in the laundry business. It is conceded by the plaintiff and his counsel that, up to April 3d, or on or about such date, he was the employee of George Fong alone, and in his individual capacity. He received his pay for services from George Fong, and was supposed to be doing the work in and about the laundry which was otherwise incumbent upon George Fong. It is conceded that at no time prior to April 3d was he in the employ of the partnership. The contention put forward is that, on or about April 3d, the partnership between Frank and George Fong was dissolved, and that Frank Fong took the business, and that from such date the plaintiff became the employee of Frank Fong. He sustained his injury on April 8th. Appellant concedes that he was never in the employ of the partnership as such; that at all times he was in the employment either of George Fong individually or of Frank Fong individually. The issue of fact tried to the jury was whether the partnership in question was dissolved on April 3d, or whether in fact any change occurred in the relations of the parties prior to April 8th. In support of his contention that the partnership was dissolved on April 3d, the plaintiff relies on the testimony of his witness, George Fong, who testified that, about the 1st of April, he told Frank Fong "to take all the business by himself and go by himself and get all he could get. I didn't have anything. I worked at the Twentieth Century to get riches to pay my bills. I told him I can't hire anyone to work here. I cancel Hipps. Then I went to work at the restaurant and got about $75 to pay out the rent. The money that came in for doing laundry was used to pay the bills."

Concededly, there was no dissolution settlement between the two brothers at this time. Concededly, also, George continued to own his half of the property of the partnership. On the other hand, it is the contention of the defendant that there was

no change made in the relations between him and George at any time prior to April 8th. Emphasis is placed by appellant upon the testimony of Frank Fong to the effect that, after April 1st, he paid none of the proceeds of the laundry business to his brother George. Such statement, taken alone, might seem significant. Putting it in its context, such significance is wholly lost. The business was a losing business. It took all the proceeds to pay the expenses, and each partner was drawing on his previous capital to keep it going. Not only were no proceeds paid to George *after* April 1st, but none were paid to him at any time *previous* to April 1st. The trial court submitted to the jury three specific interrogatories, by which the jury made special findings as follows:

(1) That the partnership was in operation as a laundry at the time of the injury.

(2) That the plaintiff, at the time of the injury, was not employed by the copartnership.

(3) That he was not employed by Frank Fong.

From the foregoing findings, the necessary inference is that the relationship of the plaintiff to George Fong, as Fong's employee, had not changed, up to the time of his injury. The specific findings have the support of the evidence. In view of the concessions of the plaintiff that he was not in the employ either of the copartnership or of the defendant Frank Fong at any time prior to the alleged dissolution of the partnership, the special findings become quite conclusive of the rights of the parties.

The judgment below is affirmed.—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.